UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC.,
a Nevada corporation,

CASE NO. 6:10-cv-00737-ACC-KRS

Plaintiff,

v.

SPECIALTY UNDERWRITERS'
ALLIANCE INSURANCE COMPANY,
a/k/a SUA INSURANCE COMPANY,
an Illinois corporation, and UNIVERSAL
RE-INSURANCE COMPANY, LIMITED,
a Bermuda corporation,

Defendants.
_____/

Plaintiff/Counter-Defendant, Mirabilis Ventures, Inc., answers Defendant's/Counter-

Plaintiff's, Specialty Underwriters' Alliance Insurance Company a/k/a SUA Insurance

Company, Counterclaims as follows:

## ANSWER TO AMENDED COUNTERCLAIM

99.     No answer necessary.

100.    Admitted that SUA's counterclaims involve citizens of different states

        and damages over $75,000.00. Denied that the Court has jurisdiction of

        SUA's claims since SUA has knowingly violated the provisions of the

        automatic stay applicable to entities in bankruptcy by filing its

        counterclaims without leave of the bankruptcy court.

101.    Admitted.

102.    Admitted.

103.    Admitted

104.     Admitted.

105.     Denied.

106.     Without knowledge of action taken by SUA and therefore denied.

107.     Denied.

108.     Denied.

109.     Denied.

110.     Denied.

111.     Denied.

112.     No answer necessary; the 02 policy speaks for itself.

113.     No answer necessary; the 02 policy speaks for itself

114.     No answer necessary; the 02 policy speaks for itself

115.     Denied.

116.     Denied.

117.     Denied.

118.     Without knowledge of what SUA is doing and therefore denied.

119.     Denied.

120.     No answer necessary; the 03 policy speaks for itself.

121.     Denied.

122.     Denied.

123.     Denied.

124.     Denied.

125.     No answer necessary; the policies speak for themselves.

126.     Denied.

127.   Denied.

128.   Admitted.

129.   No answer necessary.

130.   No answer necessary.

131.   No answer necessary; the policies speak for themselves.

132.   No answer necessary; SUA's request speaks for itself.

133.   No answer necessary; SUA's request speaks for itself.

134.   No answer necessary; SUA's request speaks for itself.

135.   No answer necessary.

136.   Denied.

137.   Without knowledge of what SUA relied on and therefore denied.

138.   Without knowledge of what SUA did and therefore denied.

139.   Denied.

140.   Denied.

141.   Denied.

142.   No answer necessary; the policies speak for themselves.

143.   No answer necessary; the policies speak for themselves.

144.   No answer necessary; the policy speaks for itself.

145.   No answer necessary; the 02 policy speaks for itself.

146.   No answer necessary; the 02 policy speaks for itself.

147.   No answer necessary; the 03 policy speaks for itself.

148.   No answer necessary; the 03 policy speaks for itself.

149.   Denied.

150.     Denied.

151.     Denied.

152.     Denied.

153.     Denied.

154.     Denied.

155.     No answer necessary.

156.     Denied.

157.     Denied.

158.     Denied.

159.     Denied.

160.     Denied.

161.     Denied.

162.     Denied.

163.     Denied.

164.     No answer necessary.

165.     Admitted.

166.     Denied.

167.     Denied.

168.     No answer necessary.

169.     Denied.

170.     Denied.

171.     Denied.

172.     Denied.

173.    Denied.

174.    No answer necessary.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Denied.

180.    No answer necessary.

181.    No answer necessary; SUA's allegation is instead a statement of law which speaks for itself.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

187.    No answer necessary.

188.    No answer necessary; the Rule speaks for itself.

189.    Denied.

190.    Denied.

191.    Without knowledge of what SUA believes and therefore denied.

192.    No answer necessary.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

## AFFIRMATIVE DEFENSES

1.  SUA is estopped from seeking relief against Mirabilis in that the former's agent was fully informed of, consented to, and cooperated in all filings, representations, and submissions by Mirabilis to SUA.

2.  SUA has unclean hands and is precluded thereby from seeking relief against Mirabilis because it fully knew the nature and extent of the exposures presented by Mirabilis' operations and yet chose to issue the policies with the intent to later complain about exposure after it had extracted as much premium as possible from Mirablilis.

3.  SUA is estopped from seeking relief against Mirablilis because SUA filed and refused to conduct its audit as required by the Florida State Special Audit Rules.

4.  SUA is estopped from seeking relief against Mirablilis because SUA filed and refused to conduct its audit within the timeframe required by its policies.

5.  SUA has waived its right to any relief against Mirablilis by virtue of its failure to comply with the governing regulatory rules, specifically *Basic Manual User's Guide* (E) and *Basic Manual*, Florida State Special Audit Rules.

6.  The economic loss rule bars SUA's claim for fraud in the claims process since the parties' rights and responsibilities with respect to such process are governed

exclusively by the policy contracts and, by operation of law, all incorporated statutes and rules.

7. The economic loss rule bar's SUA's claim for fraud in the application for insurance since under Florida law the application is part of the insurance contract and, as such, the parties' rights and responsibilities are governed exclusively by the policy contracts and, by operation of law, all incorporated statues and rules.

8. SUA fails to state a cause of action for declaratory relief because there is no *bona fide* present controversy as to what the policies insure.

9. SUA fails to state a cause of action for contract reformation because the Court is without jurisdiction to reform a contract that has been filed with and approved by the state insurance regulators.

10. SUA fails to state a cause of action for contract reformation by operation of F.S. 627.191.

11. SUA fails to state a cause of action for breach of contract and breach of the duty of good faith because it has breached the policy contracts by failing to comply with *Basic Manuals User's Guide* (E).

12. SUA fails to state a cause of action for breach of contract and breach of the duty of good faith because it has breached the policy contracts by failing to comply with the requirements of *Basic Manual* Florida State Special Audit Rules, (H).

13. SUA is time-barred from maintaining any cause of action whose damages include or are predicated on alleged additional premium due by verdure of the policy language permitting audits within a three-year period.

14. SUA fails to state a cause of action fro exemplary damages pursuant to Florida State Special Audit Rule J which by its terms commits adjudication of such claims to the State's circuit courts alone and this Court is thus without jurisdiction to entertain it.

15. The statue of limitation bars SUA's cause of action for exemplary damages pursuant to Florida State Special Audit Rule J.

WHEREFORE, Plaintiff/Counter-Defendant, Mirabalis Ventures, Inc., respectfully requests that the Court dismiss Defendant's, Specialty Underwriters' Alliance Insurance Company a/k/a SUA Insurance Company, Counterclaims and award it its attorney fees and costs.

Respectfully Submitted,


/s J. Layne Smith, Trial Counsel
J. Layne Smith
Florida Bar Number 712930
Smith, Brooks & Masterson, P.L.
2629 Mitcham Drive
Tallahassee, Florida 32308
Telephone No. 850.385.8000
Facsimile No. 850.201.8000
E-mail address jaylayne44@aol.com

### CERTIFICATE OF SERVICE

I certify that on April 4, 2011 I electronically filed the foregoing using the CM/ECF system which will send a notice of electronic filing to the following: Kevin M. Lougachi, Esquire and Edward Ruberry, Esquire, Bollinger, Ruberry & Garvey, 500 West Madison Street, Suite 2300, Chicago, Illinois 60402.