UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC.,     CASE NO. 6:10-cv-00737-ACC-KRS
a Nevada corporation,

Plaintiff,

v.

SPECIALTY UNDERWRITERS'
ALLIANCE INSURANCE COMPANY,
a/k/a SUA INSURANCE COMPANY,
an Illinois corporation, and UNIVERSAL
RE-INSURANCE COMPANY, LIMITED,
a Bermuda corporation,

Defendants.
_____/

## ATTORNEY'S RESPONSE TO ORDER TO SHOW CAUSE

Counsel for Plaintiff/Counter-Defendant, Mirabilis Ventures, Inc., J. Layne Smith, responds to this Court's May 2, 2011 Order to Show Cause, and states as follows:

1. Counsel fully acknowledges that the Case Management and Scheduling Order entered on November 15, 2010 designated me to contact defense counsel and the mediator, to reserve a conference date, and to file a notice thereof with the Court within fourteen days, and further to complete mediation by March 28, 2011.

2. Upon receipt of the Court's November 15, 2010 Case Management and Scheduling Order, I instructed my secretary to calendar the deadlines set forth in the Court's order, which is our office routine. Although, the court's order listed Jay Cohen as the mediator, I also advised my secretary that defense counsel and I had discussed using another mediator from the approved list, and that we might decide to seek leave to use the other mediator.

3. My secretary calendared every deadline set forth in the Court's November 15, 2010 order, except for the two deadlines required for noticing and completing mediation.

4. This oversight was inadvertent (see the attached affidavit of Sheri Snyder). That said, I fully own this oversight, and the responsibility falls squarely on me, for not catching it, and making sure that we were in full compliance with the Court's order.

5. I do not offer the following information to serve as an excuse, but I do want the Court to know what has occurred to date, and what steps are being taken since I learned that I had missed the two deadlines regarding mediation.

6. My communications with defense counsel for SUA, have centered on both the Plaintiff/Counter-Defendant and the Defendant/Counter-Plaintiff amending their pleadings (complaint, answers, counterclaim, and affirmative defenses). This occurred, with the Court's leave, and the pleadings have been set, since, April 4, 2011. In addition, I have been working with opposing counsel to schedule a document production in Orlando in mid-May, 2011.

7. In March of 2011, I began to close out my private law practice, in order to accept a position working as an attorney for The State of Florida. In the last week of April, 2011, I had a discussion with attorneys from the Broad and Cassel law firm about that firm filing a motion to substitute in as counsel for the Plaintiff/Counter-Defendant at the same time I would be filing a motion to withdraw as its counsel. It was during that discussion that I first realized that I had missed the deadlines regarding the Court's requirements for mediation.

8. When the two deadlines for mediation were not posted on either my individual calendar, or my office's calendar, I did not think about mediation in this case again until my failure to comply was brought to my attention by Broad and Cassel, immediately before this Court ordered me to show cause why I should not be sanctioned.

9. Broad and Cassel will be moving the Court to substitute in as counsel for the Plaintiff/Counter-Defendant, at the same time I am moving to withdraw as counsel. On April 29, 2011, my client signed its consent for the

substitution/withdrawal (see attached copy—the original will be filed with the motion).

10. Broad and Cassel has already contacted counsel for the Defendant/Counter-Plaintiff and requested dates to schedule and complete mediation with Jay Cohen.

11. There is no reason why mediation cannot be scheduled now and completed in the near future.

12. I am a long time AV rated attorney, who in October of 2011 will have been practicing law in Florida for twenty-four (24) years. Prior to this instance, I have never been required to show cause for a failure to comply with any court's order. I take this matter very seriously, and it causes me great embarrassment to find my self in this position. I humbly apologize to the Court and other counsel for my oversight.

WHEREFORE, I respectfully request that this Court accept my explanation, and decide not to sanction me.

Respectfully Submitted,

/s J. Layne Smith, Trial Counsel
J. Layne Smith
Florida Bar Number 712930
Smith, Brooks & Masterson, P.L.
2629 Mitcham Drive
Tallahassee, Florida 32308
Telephone No. 850.385.8000
Facsimile No. 850.201.8000
E-mail address jaylayne44@aol.com

## CERTIFICATE OF SERVICE

I certify that on May 12, 2011 I electronically filed the foregoing using the CM/ECF system which will send a notice of electronic filing to the following: Kevin M. Lougachi, Esquire and Edward Ruberry, Esquire, Bollinger, Ruberry & Garvey, 500 West Madison Street, Suite 2300, Chicago, Illinois 60402.

## CONSENT OF CLIENT

I, R.W. Cuthill, Jr., Trustee of Mirabilis Ventures, Inc., hereby consent and agree to the Stipulation for Substitution of Counsel substituting Mark F. Raymond and Rhett Traband of Broad and Cassel in the place of J. Layne Smith of Smith, Brooks & Materson, PL, in the above-styled matter.

DATED: __APRIL 29__, 2011.

MIRABILIS VENTURES, INC.

By: _____

Its: __PRESIDENT__

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC.,     CASE NO. 6:10-cv-00737-ACC-KRS
a Nevada corporation,

Plaintiff,

v.

SPECIALTY UNDERWRITERS'
ALLIANCE INSURANCE COMPANY,
a/k/a SUA INSURANCE COMPANY,
an Illinois corporation, and UNIVERSAL
RE-INSURANCE COMPANY, LIMITED,
a Bermuda corporation,

Defendants.
_____/

## AFFIDAVIT OF SHERI SNYDER

I, Sheri Snyder, being of age, and of sound mind, do hereby testify, under oath, as follows, based upon my on firsthand knowledge:

1. As Paralegal for attorney, J. Layne Smith, it is part of my job to calendar dates on Mr. Smith's individual work calendar, and on the law firm calendar of Smith, Brooks & Masterson, P.L.

2. Mr. Smith met with defense counsel, Mr. Ruberry, in Orlando in October of 2010, to work out keys dates for proposed deadlines in the case. Mr. Smith and I discussed these dates several times, and he had me do research two of the mediators on the Court's approved list.

3. When our office received the Court's November 15, 2010 scheduling order, I calendared all of the deadlines imposed, with the exception of the two deadlines concerning mediation. My mistake was one of unintentional oversight.

4. I learned that we had missed the mediation deadlines, and that I had not included these deadlines on Mr. Smith's calendar, or the law firm's calendar, during the last week of April, after Mr. Smith had a conversation with lawyers from another law firm who were considering substituting in as counsel for Mirabilis Ventures, Inc.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Sheri Snyder

SWORN TO and subscribed before me
this the  11  day of  may , 2011.

_Ashley Brooke McAuley_
Notary Public

ASHLEY BROOKE MCAULEY
MY COMMISSION # EE 008440
EXPIRES: August 17, 2014
Bonded Thru Notary Public Underwriters

My Commission Expires: 8/17/14

Affiant is personally known _____ to me, or otherwise
has produced a driver's license as identification ✓ .